UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

FILED
IN CLERKS OFFICE

2004 JUN -3  A 11: 54

U.S. DISTRICT COURT
DISTRICT OF MASS.

John Tyler,
    Petitioner,

v.                           Civil N°.:

Department of Justice,
Bureau of Prison,

Harley Lappen, et al,
Director,

David L. Winn, et al,
Warden.

PETITION FOR WRIT OF
HABEAS CORPUS PURSUANT TO 28 U.S.C. §2241

Now comes Petitioner, John Tyler, #10466-036, acting Pro Se, in the above captioned case before this Honorable Court humbly requesting relief pursuant to 28 U.S.C. §2241, and for a writ in the nature of mandamus pursuant to 28 U.S.C. §1361, for a temporary restraining order and a preliminary injunction under Fed.R.Civ.P.65(b).

Petitioner is a federal inmate housed at F.M.C. Devens after being sentenced by this Honorable Court was taken into custody of the Bureau of Prisons and transferred to this institution by the respondent(s) from other institution for medical reasons.

Petitioner received a 52 months sentence with 3 years supervised release in December of 1991, and was due to be

release for halfway house on July 28, 2004, allowing him 4 months upon arriving at F.M.C. Devens the Petitioner's date changed and he would only receive 30 days halfway house.

The Petitioner argues the determination of the Bureau of Prisons and the Warden of the facility where he is confined that he can spend no more than 30 days in a Community Corrections Center ("CCC" or "halfway house") at the the end of his 52 month sentence whereas, he has been a model inmate and has no disciplinary reports throughout his sentence.

Petitioner also argues that this determination is based on a December 2002, opinion of the Department of Justice that has erroneously interpreted two statutory provisions, 18 U.S.C. §3621(b), and §3624(c), as not giving the Bureau of Prisons "BOP" discretion to place prisoners in CCC at the end of their sentences for any more than 10 percent of the time to be served.

Petitioner's 10 percent date is December 2004, and is only receiving halfway house 30 days before that date denying him of his 4 months that he was original was to receive when in fact he was to receive 6 month halfway house.

The Petitioner was sentenced before December of 2002, when the BOP came up with this new opinion or order allowing inmates to receive only 10 percent of their halfway house or CCC allowing him to be governed under the old rule of 6 months halfway house or CCC.

The BOP policy constituted a legislative rule for the purposes of the Administrative Procedure Act("APA"), 5 U.S.C.

-2-

§551, the BOP failed to provide public notice and an opportunity for comment as required by §553 of the APA rendered the policy invalid in which they still are using.

Petitioner was sentence before the policy took effect and the Petitioner argues that the application of the new policy to his sentence was impermissibly retroactive because of such.

Petitioner also request the good conduct allows that is also set by statute 18 U.S.C. §3624(b), a federal prisoner may earn up to 54 days of good conduct time ("GCT") for every year of his "Term of Imprisonment" the Bureau of Prisons calculate GCT on the basis of the sentence served rather than on the time actually served.

Whereas, the Petitioner was sentenced to a term of imprisonment of 52 months his calculation should have been 54 days x 4.3 = 223.6 the BOP has calculated the Petitioner's GCT time served and not the the Petitioner's "term of imprisonment."

## GROUNDS FOR PETITION

I.   Petitioner is requesting a writ in the nature of mandamus pursuant to 28 U.S.C. §1361, for a temporary restraining order and a preliminary injunction under Fed.R. Civ.P.65(b) and relief pursuant to 28 U.S.C. §2241.

II.  Petitioner is being given 30 days CCC early release to halfway house, whereas, Petitioner is qualified for six(6) months CCC, and has been a model prisoner since his incarceration in the BOP and is entitle to early release under Title 18 U.S.C. §3624(c), this statute outlines what

-3-

steps the BOP is required to take at the end of a imprisonment term and when it must be taken by them.

III. Petitioner is requesting full GCT credit for time imposed by the United States District Court for the District of Maine in January of 1991, for the Petitioner to serve 52 months imprisonment and that this Honorable to order the BOP to calculate the Petitioner's term of imprisonment.

I. <u>REQUESTING A WRIT IN THE NATURE OF MANDAMUS PURSUANT TO 28 U.S.C. §1361, FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION UNDER FEDERAL RULES OF CIVIL PROCEDURE 65(b) AND RELIEF PURSUANT TO 28 U.S.C §2241</u>

On December 13, 2002, the Justice Department's Office of Legal Counsel issued an opinion that, declared BOP practice of placing in Community Confinement Certain Offenders who have received sentences of imprisonment.

A week following the issuance of the OLC Opinion, the BOP released a memorandum addressed to Chief Executive Officers announcing that effective immediately and as a result of a recent legal opinion issued by the OLC, which analyzes the BOP statutory authority to designate inmates to CCC as more limited than they have previously practiced, pre-release programming CCC designations are limit in duration to the 10% of the prison sentence, not to exceed six months.

This policy was will after the Petitioner was sentenced by the United States District Court for the District of Maine and would not apply to the Petitioner.

The BOP failure to provide public notice and an opportunity for comment as required by the Administrative Procedure Act("APA"), 5 U.S.C. §551 and §552, rendered the policy invalid.

Petitioner was initially approved for 4 months halfway house and then upon his transfer to F.M.C. Devens he was informed that he would only receive 30 days halfway house the BOP has calculated the Petitioner's 10% date December of 2004.

When the Petitioner entered federal custody, the BOP usual practice was to consider prisoners for placement in CCC for as much as the six(6) months of their sentence, even if this occurred before the prisoner's 10% date the current practice of the BOP is unlawful preventing the Petitioner from receiving his proper halfway house placement based on the opinion of the OLC limiting prisoners to the last 10% of the prison sentence, not to exceed six months.

The BOP and the OLC opinion's declaring the statutory interpretation are erroneous and for the OLC to direct the BOP not to rely upon it in determining the Petitioner's CCC placement the Petitioner request the Honorable Court to grant this relief preliminary, pursuant to Fed.R.Civ.P. 65(b), and then to issue a writ after full consideration on the merits.

There has been many District Court decisions based on this very subject, but the BOP and the Warden of this institution has ignored the ruling by the courts and refuse to give any relief through the administrative remedy process in which would be futile causing this Petitioner to seek relief through the courts and file pursuant to 28 U.S.C. §2241.

II.     PETITIONER IS QUALIFIED FOR SIX(6)
        MONTHS HALFWAY HOUSE/CCC PLACEMENT

Petitioner is being given only 30 days CCC placement halfway house, whereas, the Petitioner is qualified for six(6) months CCC placement, and has been a model prisoner since his incarceration in the BOP and is entitle to early release under Title 18 U.S.C. §3624(c), this statute outlines what steps the BOP is required to take at the end of an inmates imprisonment term and when it must be taken by them.

The BOP takes the position that the discreation under Title 18 U.S.C. §3621(b), affords the BOP in determining "place of imprisonment" does not include the discretion to transfer a prisoner to CCC programs neither pursuant to a judicial recommendation at sentencing, nor at the end of a prisoner's term. Under PS 7310.04

The BOP solely basis its decision on the opinion rendered by the OLC and will not render any relief to anyone who proceed with the administrative remedy make it futile to attempt to seek relief with the very agency that set this erroneous policy.

Petitioner is aware that administrative remedies must be exhausted before filing of a habeas petition pursuant to 28 U.S.C. §2241, but the Petitioner has began some of the administrative process and will sill continue to seek relief in this meritless manner.

Petitioner was sentence in 1991, some time before the December 2002, OLC policy took effect and the Petitioner is due CCC placement without regard to the new policy.

Petitioner would have been considered for CCC placement before reaching the 10% date under the BOP prior policy even though Petitioner may have been eligible for up to six(6) months placement, but the BOP had for many years followed a practice of placing prisoners in CCC or halfway house for the last six(6) months of their sentences, regardless of the length of their sentences.

U.S. Department of Justice, Bureau of Prisons, memorandum to and for Chief Executive Officers, "Community Confinement Procedure Changes," dated December 20, 2002, the BOP had begun to place on CCC placement the limitation under the direction of this memorandum by the OLC.

The Petitioner was sentenced in January of 1991 some years before this new policy and was in custody of the BOP within that same year and should be govern under the policy in which the BOP had followed upon his arrival in their custody, without regard to the OLC opinion.

The Petitioner will come within six(6) months of his release date on May 28, 2004, a date that has pasted, but would come within the initial release date for the 4 months on July 28, 2004, and would humbly request this Honorable Court to grant preliminarily relief, pursuant to Fed.R.Civ.P. 65(b), and then issue a writ after full consideration on the merits, declaring the OLC opinion's statutory interpretation erroneous and direct the BOP not to rely on it in determining the Petitioner's CCC placement.

This Circuit has ruled that the actions of the BOP in this instants is erroneous on many other actions that have been brought

before this Honorable Court. See: Monahan v. Winn, 276 F.Supp.2d 197(1st Cir. 8/12/2003), Zucker v. Menifee, 03-CV-10077(2004 2nd).

Petitioner has been informed by the BOP that the last 10 percent of his sentence is when he can go to CCC placement or halfway house.

Notwithstanding the plain language of 18 U.S.C. §3624(c) and the BOP own ongoing interpretation of that statute, the BOP remains convinced that §3621(b) gives them no discretion to install its prisoners in Community Confinement facilities.

III. REQUESTING FULL GOOD CONDUCT CREDIT FOR TIME IMPOSED BY THE UNITED STATES DISTRICT COURT

Petitioner is requesting full good conduct credit for the time imposed by the United States District Court for the District of Maine in January of 1991.

Petitioner has been sentence to serve 52 months imprisonment to be served in the custody of the Bureau of Prisons for the Department of Justice a sentence of 4 years and 4 months in which the Petitioner should receive good conduct credit for the term of imprisonment.

Under 18 U.S.C. §3624(b), federal prisoner may earn up to 54 days of good conduct time ("GCT") for every year of his "Term of Imprisonment." The Bureau of Prisons calculate GCT on the basis of the sentence served rather than on the term actually served.

Petitioner is entitled to earn 54 days GCT for each full

year "served" on a sentence in excess of one year, with the GCT being prorated for the last partial year.

Petitioner has been sentences to 52 months and by calculating the GCT credit by 54 days the Petitioner is entitled to 232 days GCT for a 52 month sentence.

Petitioner is being given less then his actual due GCT credit by the BOP causing the Petitioner to serve a longer sentence in the custody of the BOP.

Most importantly, seizing on the reference in the statute ("18 U.S.C. §3624") to 54 days, the Petitioner argues that of good conduct time to which he is _entitled_ to should be determined by simply multipling 54 by 4.3 for a total of 223.2 days. The Petitioner's argument makes sense on its face, he is subject to fifty-two months term of imprisonment: he should receive a credit of fifty-four days for each year of the term.

In fact, two Circuit Courts has already addressed this very issue and determined the phrase outline in title 18 U.S.C. §3624, "term of imprisonment" as being ambiguous, it could be construed reasonably to mean the term sentence or the amount of time served. See: _Camacho v. Hood_, 272 F.3d 1266, 1268-69(9th Cir. 2001), also _White v. Scibana_, 03-C-581-C (7th Cir. 2004).

The Petitioner argues that §3624(b) is unambiguous: "term of imprisonment" means "sentence imposed." Therefore, the BOP must calculate an inmate's GCT on the basis of his sentence rather than on the time he has served.

The Petitioner request that the GCT be credit to him that has been taken or not add and that his full credit be allowed.

-9-

CONCLUSION

Petitioner has been a model prisoner since his incarceration in the BOP, which is good behavior while under the BOP custody and for the foregoing reasons, that would put the Petitioner in halfway house in July of 2004, instead of 30 days giving the Petitioner 4 months instead of 30 days.

For all the reasons herein the Petitioner also request a Writ in the nature of mandamus pursuant to 28 U.S.C. §1361, for temporary restraining order and preliminary injunction under Fed.R.Civ.P. 65(b) and relief pursuant to 28 U.S.C. §2241

Further, improperly subjecting the Petitioner to a longer prison sentence rather than Community Confinement inflicts irreparable harm on the Petitioner, his family, and his preparation to be released into the community.

Petitioner humbly and respectfully request this Honorable Court to allow the herein motion allowing the Petitioner to be released under the statute.

Respectfully submitted on this 3rd day of June, 2004.

John Tyler #10466-036
F.M.C. Deven
P.O. Box 879
Ayer, MA 01432-0879

**FORM TO BE USED BY FEDERAL PRISONERS FOR FILING A PETITION FOR WRIT OF HABEAS CORPUS UNDER TITLE 28 U.S.C. § 2241**

IN THE UNITED STATES DISTRICT COURT

FOR THE District of Massachusetts

___John Tyler___
Petitioner
___10466-036/ F.M.C. Devens___
___P.O. Box 879___
___Ayer, MA 01432-0879___
(Full name under which you were convicted;
Prison Number; Full Mailing Address).

VS.

CIVIL ACTION NO._____

___Department of Justice, BOP___
Respondent(s)
___Harley Lappen, et al___
___David L. Winn, et al___

(Name of Warden or other authorized person
having custody of Petitioner).

**PLEASE COMPLETE THE FOLLOWING. READ THE ENTIRE PETITION BEFORE FILLING IT OUT. ANSWER THOSE QUESTIONS WHICH PERTAIN TO YOUR TYPE OF CLAIM.**

1. This petition concerns: (check appropriate blank)

   _____ A conviction
   _____ A sentence (**CAUTION:** If you are attacking a sentence imposed under a Federal Judgment, you must file a direct motion under 28 U.S.C. § 2255 in the Federal Court which entered the Judgment).
   _____ Jail or prison conditions
   _____ Prison discipline issue
   _____ A parole problem
   __x__ Other. State briefly: ___GCT Credit   and   CCC placement___

2. Place of detention: ___F.M.C. Devens, P.O. Box 879, Ayer, MA 01432-0879___

1

**HAVE YOU FILED PREVIOUS PETITIONS FOR HABEAS CORPUS MOTION UNDER TITLE 28 U.S.C. § 2255, OR ANY APPLICATIONS, PETITONS OR MOTIONS WITH RESPECT TO THIS CONVICTION?**

_____ Yes     \_\_\_\_x_____ No

3. If your answer is "yes," give the following information:

a. Name of the Court: _____

b. Nature of proceeding: _____

c. Grounds raised: _____

d. Result: _____

e. Date of result: _____

f. Citation or number of any written opinion or order entered pursuant to each such disposition: _____

4. If you did not file a motion under section 2255 of Title 28 U.S.C., or if you filed a motion and it was denied, state why your remedy by way of such motion is inadequate or ineffective to test the legality of your detention:

_____

5. Does counsel presently represent you? _____ Yes \_\_\_\_x\_\_ No

If so, Name address and phone number of counsel: _____

6. Name and location of court, which imposed sentence: United States District Court for the District of Maine

2

7. Indictment or case number, if known: 1:00-CR-75-BS    1:00-CR-89-BS

8. Offense or Offenses for which sentence was imposed: Possession drug charges

9. Date upon which sentence was imposed and the term of the sentence: January 1991

10. When was a finding of guilt made? (Check one)
_____ After a plea of guilty

\_\_\_x\_\_\_ After a plea of not guilty

_____ After a plea of Nolo Contendre

11. If you were found guilty after a plea of not guilty, was that finding made by:
_____ A jury

\_\_\_x\_\_\_ A judge without a jury

12. Did you appeal the judgment of the conviction or the imposition of a sentence? \_\_\_\_\_ Yes \_\_x\_\_ No

13. If you did appeal, give the following information for each appeal:

a. Name of court: _____

b. Result: _____

c. Date of result: _____

d. Citation or number of opinion: _____

e. Grounds raised: (List each one)

_____

**NOTE: If you appealed more than once, attach an additional sheet of paper the same size, give all the information requested above in question number 13, a through e. DO NOT WRITE ON BACK OF PAGE.**

3

14. Summarize briefly the facts supporting each ground. If necessary attach a single page behind this page.

**CAUTION:** If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

a. Ground one: Petitioner is requesting a writ in the nature of mandamus pursuant to 28 U.S.C. §1361

Supporting Facts: (Tell your story BRIEFLY without citing cases or law. You are CAUTIONED that you must state facts not conclusions, in support of your grounds. E.g., who did exactly what to violate your rights at what time or place).

Pursuant to 28 U.S.C. §1361, for a temporary restraining order and a preliminary injunction under Fed.R.Civ.P. 65(b)

See attached memorandum

b. Ground Two:
Petitioner is qualified for six months halfway house

Supporting Facts: See attached memorandum

Ground Three:
Petitioner request full GCT credit for imposed sentence

Supporting Facts: See attached Memorandum

4

15. If this petition concerns jail or prison conditions, prison discipline, a parole problem or other cause under 28 U.S.C. § 2241, answer the following:

a. Did you present the facts in relation to your present complaint in the internal prison grievance procedure?

_____ Yes  _____ No

(1) If your answer to "a" above is yes, what was the result? _____

_____

(2) If your answer to "a" above is no, explain: _____

_____

b. Did you present your claim to the Bureau of Prisons or other federal agency for administrative action?

_____ Yes  _____ No

(1) If your answer is "yes," state the date such claim was submitted and what action, if any has been taken: _____

_____

(2) If your claim has not been acted on, attach copies of any correspondence you have received from the Bureau of Prisons or other federal agency concerning you.

c. **STATEMENT OF CLAIM:** State here as briefly as possible the facts of your case. DO NOT give any legal arguments or cite any cases or any statutes. Attach extra pages of the same size to this page if more room is necessary. DO NOT write on the reverse side of this page.

Petitioner set forth claims that the BOP will not properly calculate GCT credit and will only allow him 30 days halfway house in CCC.

5

**16. RELIEF:** state briefly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

That the Honorable Court allow the herein motion and grant the Petitioner a temporary restraining order

Signed on this the _____ day of _____, 200___.

_____
Signature of petitioner

**I DECLARE (OR CERTIFY, VERIFY OR STATE) THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE OR INFORMATION AND BELIEF AND THAT ANY FALSE STATEMENTS MADE THEREIN ARE MADE SUBJECT TO THE PENALTIES OF APPLICABLE LAWS RELATING TO UNSWORN FALSIFICATIONS TO AUTHORITIES.**

**Executed on:** _____, 200___.

_____
Signature of petitioner

6